### STATE of Vermont v. Robert WRIGHT

[596 A.2d 925]

No. 91-007

September 6, 1991. The defendant is charged with the unlawful possession of marijuana in violation of 18 V.S.A. § 4230(a)(2). He moved to suppress all evidence seized from his residence and from the apartment of third parties which was located in his residence. The trial court granted defendant's motion, and gave the State permission to appeal its ruling. The State challenged defendant's standing to object to the search of the apartment and maintains on appeal that defendant's proprietary interest as a landlord does not accord him standing to challenge this search. The court concluded that defendant, by virtue of his ownership of the apartment, had a sufficient proprietary interest to challenge the validity of the search under Chapter

I, Article 11 of the Vermont Constitution, relying upon our holding in *State v. Wood*, 148 Vt. 479, 536 A.2d 902 (1987). We affirm on different grounds.

In *State v. Wood*, we held that Article 11 of. the Vermont Constitution, granting the right "of the people 'to hold themselves, their houses, papers, and possessions, free from search or seizure,' defines a right dependent on a possessory interest, with equal recognition accorded to the item seized and the area intruded upon." *Wood*, 148 Vt. at 489, 536 A.2d at 908. We declined to follow the rationale of the United States Supreme Court in *Rakas v. Illinois*, 439 U.S. 128, 132–43 (1978), which held that under the Fourth Amendment a motion to suppress could successfully be brought only by one whose "legitimate expectation of privacy" was violated by the search itself, and not by one aggrieved solely by the introduction of the incriminating evidence. *Rakas* was quickly followed by *United States v. Salvucci*, 448 U.S. 83, 90 (1980), which held that possession of the property seized is not sufficient to confer standing even to defendants charged with possession of the seized property. *Salvucci* reversed the rule of automatic standing accorded to defendants charged with possessory offenses in *Jones v. United States*, 362 U.S. 257, 260–65 (1960).

We decline to follow *Salvucci* for the reasons stated in *Wood* and adopt the automatic standing rule of *Jones* for possessory offenses under Article 11 of our Constitution. In so doing, we follow the well-reasoned and persuasive opinions in *State v. Alston*, 88 N.J. 211, 228–29, 440 A.2d 1311, 1320 (1981), and *Commonwealth v. Sell*, 504 Pa. 46, 68, 470 A.2d 457, 469 (1983), which accord automatic standing to challenge unlawful searches where the defendant is charged with an offense in which possession of the seized evidence at the time of the contested search is an essential element of the crime.

*Affirmed.*